UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| CARL EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:07-0073 |
| v. | ) |
| | ) Judge Campbell/Brown |
| SAARGUMMI TENNESSEE, LLC, | ) |
| | ) |
| Defendant | ) |

**TO: The Honorable Todd J. Campbell, Chief Judge**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

SaarGummi has filed a motion for summary judgment requesting the dismissal of Plaintiff Evan's failure to hire and retaliation claims against Defendant SaarGummi Tennessee, LLC ("SaarGummi"). (Docket Entry 8). This case was referred to the Magistrate Judge on November 15, 2007:

> to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct any further proceedings that may become necessary under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

(Docket Entry 3). The Magistrate Judge has reviewed this motion and supporting memorandum as well as the responses and replies. A hearing was held on June 12, 2008, where the parties argued their respective positions on the Defendant's motion for summary judgment.

For the reasons stated below, the Magistrate Judge **recommends** that SaarGummi's

1

motion for summary judgment be **granted** and that this action be **dismissed**.

## II. BACKGROUND

The Plaintiff *pro se* filed the instant complaint, claiming failure to hire and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). (Docket Entry 1, ¶¶ 5, 8, 9). Plaintiff Evans asserts that SaarGummi failed to hire him in retaliation to a discrimination lawsuit he previously filed against American Magotteaux, in which the parties reached an out of court monetary settlement. (Docket Entry 10, ¶¶ 1-2; Docket Entry 16-2, pp. 8-11). Tommy Taylor worked in Human Resources at American Magotteaux at the time of said settlement and subsequently was in charge of Human Resources at SaarGummi from April 2000 until November 2003. (Docket Entry 16-2, p. 9; Docket Entry 11, ¶ 2). In 2006, Mr. Evans learned that Mr. Taylor had worked at SaarGummi (Docket Entry 16-2, p. 41). Plaintiff claims that Mr. Taylor is biased against black people and that he informed SaarGummi of Mr. Evans' prior lawsuit against American Magotteaux, thereby resulting in SaarGummi's failure to hire Mr. Evans. (Docket Entry 16-2, pp. 49, 76-77; Docket Entry 17, ¶ 9).

Mr. Evans further claims he applied to SaarGummi four or five times, for different positions, through the Pulaski Career Center and questions why SaarGummi's applicant log does not bear his name. (Docket Entry 16-2, pp. 39, 57; Docket Entry 17, ¶ 8). Plaintiff alleges that he most recently applied to SaarGummi in January 2006. (Docket Entry 16-1, p. 3; Docket Entry 16-2, p. 38). Yet he never went to SaarGummi to apply, nor did he call SaarGummi to determine whether his application had been received. (Docket Entry 16-2, pp. 43, 56). Furthermore, Plaintiff could not definitively identify the name of the job for which he allegedly applied until his most recent response, in which he stated that he applied for a line-tech position. (Docket

2

Entry 16-2, p. 39; Docket Entry 17, ¶ 6; Docket Entry 20, ¶ 8).

Ms. Lynnette Shellhouse became SaarGummi's Human Resources Manager in September 2004 and claims that, before the instant lawsuit, she had never met nor heard of Mr. Evans, nor had she heard of his previous dealings with American Magotteaux. (Docket Entry 11, ¶¶ 3, 7). She states Mr. Taylor stopped working at SaarGummi in 2003 and has never given her any directives as to whom SaarGummi should hire. (Docket Entry 9, p. 2; Docket Entry 11, ¶¶ 2, 4). Ms. Shellhouse further notes that she has never received an application for Mr. Evans and has never considered him - let alone rejected him - for a position at SaarGummi. (Docket Entry 11, ¶ 7). Moreover, she claims that Plaintiff's name does not appear on SaarGummi's applicant log, which lists all applicants from December 2003 to present. (Docket Entry 11, ¶ 6).

The parties also disagree as to when Defendant began using the Career Center to post available jobs. Ms. Shellhouse claims that SaarGummi "did not begin regularly utilizing the Pulaski Career Center to solicit applications until May 2007." (Docket Entry 11, ¶ 5). In contrast, Evans states that, prior to 2007, SaarGummi has used the Career Center more than once for job listings. (Docket Entry 17, ¶ 4). Ms. Shellhouse admits that SaarGummi did list one Team Leader position in November or December of 2005, but the listing was immediately removed when the position was filled with highly-recommended applicant Wanda Garrett. (Docket Entry 11, ¶ 5).

Plaintiff filed the instant complaint on October 15, 2007 (Docket Entry 1), and SaarGummi filed a timely answer on November 7, 2007. (Docket Entry 6). SaarGummi filed the instant motion for summary judgment on April 10, 2008 (Docket Entry 8), after the close of discovery, along with a memorandum in support (Docket Entry 9) and a statement of material

3

facts (Docket Entry 10). SaarGummi also filed an appendix with cited pages of Plaintiff's deposition (Docket Entry 12, Exhibit 1), an affidavit of SaarGummi employee Lynnette Shellhouse (Docket Entry 11; Docket Entry 12, Exhibit 2), and a copy of cited case *Gonzalez v. HCA Health Servs of Tennessee, Inc.*, 2007 U.S. Dist. LEXIS 47042 (M.D. Tenn. 2007). (Docket Entry 12, Exhibit 3).

Plaintiff filed a response on April 22, 2008 (Docket Entry 13), as well as excerpts of Plaintiff's deposition (Docket Entry 13, Exhibit 1), the affidavit of Lynnette Shellhouse (Docket Entry 13, Exhibit 2), and a copy of a report from Tennessee Department of Workforce and Development (Docket Entry 13, Exhibit 3). On May 22, 2008, Defendant filed a reply to Plaintiff's response to the motion for summary judgment and the Court's Order of May 14, 2008 (Docket Entry 16), to which Plaintiff filed a supplemental response on May 22, 2008 (Docket Entry 17). Defendant filed another response on June 4, 2008 (Docket Entry 19). Plaintiff filed a response on June 11, 2008 (Docket Entry 20). A hearing was held on June 12, 2008, where each party argued the summary judgment motion.

## III. LEGAL DISCUSSION

### A. Standard of Review

The Magistrate Judge has applied the well established standard for determining whether a motion for summary judgment should be granted. Summary judgment is appropriate if there is "no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The main inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After

4

sufficient time for discovery and upon motion, Fed. R. Civ. P. 56(c) mandates summary judgment against a party who fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party must show there is "no genuine issue as to any material fact," and for this reason, the material presented must be viewed in a "light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). In order to survive summary judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250; Fed. R. Civ. P. 56(e). Thus, even if the nonmovant produces some evidence, the production will not be sufficient to defeat summary judgment so long as no reasonable jury could reach a finding on that issue in favor of the non-moving party. *Anderson*, 477 U.S. at 248. The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). If the non-moving party fails to do so, then summary judgment, if appropriate, should be granted for the moving party. *Id.*

However, "a party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant." *Smith v. Hudson*, 600 F.2d 60, 64 (6th Cir. 1979). The movant retains the burden of establishing that "the moving party is entitled to judgment as a matter of law[,]" even if the non-moving party fails to respond. Fed. R. Civ. P. 56(c).

### B. Applicable Law and Analysis

#### 1. Timeliness Issue

Defendant asserts that Plaintiff is barred from suing for any act of discrimination occurring before February 2, 2006, based on the fact that the EEOC received and filed the Plaintiff's Charge on November 28, 2006 (although Plaintiff dated the Charge November 17, 2006). (Docket Entry 16, p. 2; Docket Entry 16-1, p. 3). Under Title VII, "an individual, prior to filing suit, must file a charge within 300 days of the unlawful employment practice." *Hayes v. Automated Components Holdings, LLC*, 2007 U.S. Dist. LEXIS 25974, at *10 (M.D. Tenn. April 6, 2007.); 42 U.S.C. § 2000e-5(e)(1). In the complaint, the Plaintiff states that the earliest a discriminatory act took place was January 23, 2006, and the latest was February 2, 2006. (Docket Entry 16-1, p. 3). Defense notes that "January 23, 2006 is 298 days before the date Plaintiff signed the Charge[,] and February 2, 2006 is 299 days before the date the Charge was filed." (Docket Entry 16, p. 2). It is clear that any act of discrimination more than 300 days prior to November 28, 2006, would be barred.

Alternatively, the Defense argued at the June 12, 2008, hearing that these dates are ultimately unimportant because the Defendant never discriminated against Mr. Evans. According to SaarGummi's Human Resources Manager, Lynnette Shellhouse, the company never even received an application from Mr. Evans. (Docket Entry 11, ¶ 7). Furthermore, Mr. Evans has not presented any evidence to show that discrimination took place during the stated time period, nor has he shown that he even applied to SaarGummi in January or February 2006. Additionally, SaarGummi claims that Mr. Evans' name does not appear on its applicant log and that Ms. Shellhouse has never heard of Mr. Evans. (Docket Entry 11, ¶¶ 6-7).

In an effort to disprove SaarGummi's claims, Mr. Evans submitted a report from Tennessee Department of Workforce and Development for the Court's review, but the report is

6

neither authenticated nor verified and cannot be used to raise a genuine issue of material fact. *See* Fed. R. Civ. P. 56(e); (Docket Entry 18, Exhibit 1). Moreover, even if the Court was to consider the document, no substantive explanation as to its meaning or supposed effect on the instant case has been given. The document does show activity by the Career Center regarding SaarGummi on December 20, 2005, but there is no evidence to prove an application was actually completed or submitted by Mr. Evans or the Career Center at that time. (Docket Entry 18, Exhibit 1).

This Court was asked at the hearing on June 12, 2008, to consider the possibility that Mr. Evans' alleged December 2005 application was the source of SaarGummi's alleged discrimination against Mr. Evans in January or February 2006. However, such an argument has no merit if SaarGummi either (1) never received the application, or (2) received the application but never made a decision about Mr. Evans. If the latter is true, it is difficult to determine when Mr. Evans actually "knew" of the alleged discrimination for purposes of Title VII's statute of limitations, since he was never informed that a decision about his application had been made. Mr. Evans notes that he called the Career Center in February 2006 and learned the position for which he allegedly applied had been filled. (Docket Entry 20, ¶ 12). Mr. Evans did not learn of Mr. Taylor's employment at SaarGummi until June 2006. (Docket Entry 20, ¶ 12).

As the non-moving party, Mr. Evans "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (citing Fed. R. Civ. P. 56(e)). Putting the statute of limitations issue aside, Mr. Evans has not presented sufficient evidence that SaarGummi committed acts of discrimination against him via failure to hire or retaliation. It is well documented that a "Plaintiff's unsubstantiated opinion, alone, will be insufficient to defeat

7

the motion for summary judgment without 'any significant probative evidence tending to support the complaint.'" *Hayes*, 2007 U.S. Dist. LEXIS 25974, at *13 (citing *Anderson*, 477 U.S. at 249). Subjective beliefs are "wholly insufficient evidence to establish a claim of discrimination as a matter of law." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584 (6th Cir. 1992). Mr. Evans offered at the hearing to call additional witnesses, but discovery closed on March 10, 2008. (Docket Entry 7).

Assuming, *arguendo*, that SaarGummi received Mr. Evans' application and made a decision by inaction, and that Mr. Evans was reasonably on notice of not being hired when he learned the position was filled when he called the Career Center in February 2006 (Docket Entry 20, ¶ 12), Mr. Evans has not provided admissible evidence to prove discrimination via failure to hire or retaliation.

### 2. Failure to Hire Claim

Plaintiff alleges that SaarGummi failed to hire him in violation of Title VII, claiming that SaarGummi was negatively influenced by Tommy Taylor, who Mr. Evans claims has a bias against him because of his race. (Docket Entry 20 at ¶ 9-10). To establish a *prima facie* case for failure to hire, a Plaintiff must show that: 1) he is a member of a protected class; 2) he applied and was qualified for a job for which the employer sought applicants; 3) despite his qualifications, he was rejected; and 4) after his rejection, "the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1972).

The Plaintiff has not produced sufficient evidence to establish a *prima facie* case for a failure to hire claim. Mr. Evans is a member of a protected class, which satisfies the first

8

element of a *prima facie* case. *Id.* However, he has failed to satisfy the other elements. The second prong requires that Plaintiff applied and was qualified for the position, but Mr. Evans has not produced any verifiable evidence to prove either one. *Id.* He has submitted an inadmissible Report from Tennessee Department of Workforce and Development, but even if the document was admissible, it does not prove that SaarGummi *received* Mr. Evans' application during or after December 2005. Thus, Plaintiff "cannot dispute that SaarGummi never received such application and never considered him for employment." (Docket Entry 9, p. 4). Furthermore, Plaintiff now claims in his response submitted on June 11, 2008, that he applied for a line-tech position in 2006, whereas previously he was unable to identify for which position he was applying during the time period of alleged discrimination. (Docket Entry 16-2, p. 39; Docket Entry 17, ¶ 6; Docket Entry 20, ¶ 8). Even though he can now identify the position, Mr. Evans still has not demonstrated that he is qualified for said line-tech position, which is a requirement to satisfy the second element of a failure to hire claim. *McDonnell Douglas Corp.*, 411 U.S. at 802.

Mr. Evans has not satisfied the third element: he has not demonstrated that he was rejected, as he has not proven that SaarGummi received his application. *Id.* Finally, he has not established the fourth element since he cannot show that "the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *Id.* The position was already filled in February 2006 when Plaintiff claims he learned he did not get the job. (Docket Entry 20, ¶ 12).

### 3. Retaliation Claim

Plaintiff also alleges that Defendant did not hire him out of retaliation from a lawsuit

9

involving a former employer of Mr. Taylor and Mr. Evans. To establish a *prima facie* case of retaliation, Plaintiff must show that: "1) he engaged in activity protected by Title VII; 2) this exercise of protected rights was known to defendant; 3) defendant thereafter took adverse employment action; and 4) there was a causal connection between the protected activity and the adverse employment action." *Hafford v. Seidner*, 183 F.3d 506, 515 (6th Cir. 1999). Plaintiff satisfies the first element with the undisputed fact that he engaged in a protected activity when he sued American Magotteaux. (Docket Entry 16-2, pp. 8-11; Docket Entry 9, p. 6). Assuming, *arguendo*, that SaarGummi engaged in an adverse employment action by not hiring Mr. Evans (which is in dispute, as SaarGummi claims it never received Mr. Evans' application (Docket Entry 11, ¶ 7)), the third element is satisfied. *Hafford*, 183 F.3d at 515. However, Mr. Evans is still unable to establish the second and fourth prongs of the *prima facie* case of retaliation. *Id.*

Plaintiff has not proven that Defendant was aware of the protected activity, as he has not submitted any evidence supporting his theory that Mr. Taylor informed or influenced anyone at SaarGummi - specifically, Ms. Shellhouse - about Mr. Evans. *Id.* Mr. Evans therefore has not provided sufficient evidence to show there is a genuine issue of material fact. Finally, Plaintiff has not established the fourth element, as he did not show that SaarGummi was aware of the protected activity. *Id.* The Sixth Circuit has previously stated that when the "plaintiff has failed to establish that defendant had a retaliatory motive[,] . . . there is no genuine issue of any material fact and . . . defendant is entitled to judgment as a matter of law." *Canitia v. Yellow Freight Sys.*, 903 F.2d 1064, 1066 (6th Cir. 1990). Although "the burden upon the plaintiff to establish a *prima facie* case of retaliation is minimal and easily met," Mr. Evans has not succeeded in doing so. *Gonzalez v. HCA Health Servs of Tenn. Inc.*, 2007 U.S. Dist. LEXIS 47072, at *16 (M.D. Tenn.

10

2007).

#### 4. Pretextual Reason for Not Hiring

If Mr. Evans was able to establish a *prima facie* case for an adverse employment action, then the burden would shift to SaarGummi "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas Corp.*, 411 U.S. at 802; *Gonzalez*, 2007 U.S. Dist. LEXIS 47072, at *15-16. If the Defendant is able to give such a reason, then the Plaintiff bears the burden of establishing that the Defendant's stated reason is *pretextual* by showing the reason: "1) has no basis in fact; 2) did not actually motivate the adverse action; or 3) was insufficient to motivate the adverse action." *Gonzalez*, 2007 U.S. Dist. LEXIS 47072, at *17-18.

SaarGummi's articulated reason for failing to hire Mr. Evans is that the company never received his application and therefore never considered him for a position. (Docket Entry 11, ¶¶ 6-7). Consequently, the Human Resources Manager claims she never heard of Mr. Evans prior to the instant lawsuit. (Docket Entry 11, ¶ 7). Mr. Evans has not introduced his application or any other form of verifiable proof to prove these claims false, nor has he established that SaarGummi's stated reasons for not hiring him are pretext for discrimination.

Furthermore, despite Mr. Evans' theory that SaarGummi failed to hire him in part because of his race (Docket Entry 20, ¶ 1), Mr. Evans admits that "he has no evidence that Lynnette Shellhouse has any racial bias against him." (Docket Entry 9, p. 3; Docket Entry 16-2, p. 76). Mr. Evans does not have sufficient evidence to support his claim that SaarGummi discriminated or retaliated against him.

### IV.   RECOMMENDATION

11

For the reasons stated above, the Magistrate Judge **recommends** that SaarGummi's motion for summary judgment (Docket Entry 8) be **granted** and that this action be **dismissed**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **ten (10) days** from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing said objections shall have **ten (10) days** from receipt of any objections filed regarding this Report within which to file a response. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 30th day of June, 2008.

_____
Joe B. Brown
Magistrate Judge